## THE STATE *v.* ENSEY.

CRIMINAL LAW.—*Appeal by State.—Assignment of Error.—Reservation of "Point of Law."*—When the State appeals in a criminal action from the judgment below, and the only question there reserved is upon the overruling of a motion for a new trial, and such ruling is not assigned as error, the appeal is not within section 119 of the criminal code, 2 G. & H. 420. Whether such exception to the overruling of the motion for a new trial constitutes the reservation of a "point of law" was not decided.

APPEAL from the Park Circuit Court.

DOWNEY, J.—The appellee was indicted for giving away intoxicating liquor to a minor. Upon arraignment, the defendant pleaded not guilty, and on a trial of the issue by the court, he was found not guilty. The prosecutor moved for a new trial, because the finding of the court was contrary to law and the evidence. This motion was overruled, and the State excepted, and by bill of exceptions put the evidence in the record. The prosecuting attorney has in this court assigned as errors the following:

1. The court erred in not finding the defendant, Nelson Ensey, guilty, upon the evidence and the law presented to the court in said cause.

2. The court erred in deciding that the eleventh section of the act entitled "an act to regulate and license the sale of spirituous, vinous, malt and other intoxicating liquors," etc., approved March 5th, 1859, 1 G. & H. 617, related only to retailers, and that unless a man is a retail dealer he is not liable for giving liquor to a minor.

There is no appearance or brief for the appellee in this court.

Section 119 of the criminal code, 2 G. & H. 420, reads as follows: "The prosecuting attorney may except to any opinion of the court during the prosecution of any cause, and reserve the point of law for the decision of the Supreme Court. The bill of exceptions must state clearly so much of the record and proceedings as may be necessary for a fair statement of the question reserved. In case of the acquittal of the defendant, the prosecuting attorney may

take the reserved case to the Supreme Court upon an appeal at any time within one year. The Supreme Court is not authorized to reverse the judgment upon such appeal, but only to pronounce an opinion upon the correctness of the decision of the court below. The opinion of the Supreme Court shall be binding upon the inferior courts, and shall be a uniform rule of decision therein. When the decision of the court below is decided to be erroneous, the appellee must pay the costs of the appeal."

We are of the opinion that this record is not so made up as to justify us in deciding anything upon it under this section of the code, in pursuance of which it was sought to bring the case before us.

No question seems to have been reserved in the court below, except upon the refusal of the court to grant a new trial on the motion of the prosecuting attorney. This ruling of the court, as will be seen, is not assigned as error in this court. We do not decide, and need not decide in this case, whether such an exception constitutes the reservation of a "point of law," within the section of the statute quoted, or not. We think that the ruling of the court upon the question reserved must be assigned as error.

There is no foundation in the record for the second assignment of error. That question was not reserved in the court below. It is only the question on which the court below has given an opinion, and to which opinion the prosecutor has excepted, which can be reviewed by this court, and the ruling of the court on that question must be assigned for error in this court.

The appeal is dismissed.

*J. C. Briggs* and *J. C. Denny*, Attorney General, for the State.